UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> EQUINOX HOME CARE, LLC <br><br><br> Defendant. | CIVIL ACTION <br><br> FILE NO. 5+14-cv-282 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin the Defendants from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201 et seq), hereinafter called "the Act", and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a) (2) and 16(c) of the Act.

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act and by 28 U.S.C. Sec. 1345.

II

Defendant Equinox Home Care, LLC is, and at all times hereinafter mentioned was, a limited liability corporation having an office and place of business located at 305 Boston

1

Avenue, Suite 308, Stratford, CT 06614, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business and elsewhere in the operation of a home health care company, providing occupational therapists, speech and language therapists, nurses, home health aides, and companions to clients at their homes.

III

Defendant is, and at all times hereinafter mentioned was, engaged in related activities performed through unified operation or common control for a common business, and it is, and at all times hereinafter mentioned was, an enterprise within the meaning of Section 3(r) of the Act.

IV

At all times hereinafter mentioned, Defendant employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

V

Defendant has repeatedly violated and is violating the provisions of Sections 7 and 15(a)(2) of the Act by employing and failing to properly compensate approximately six (6) employees engaged as Licensed Practical Nurses, Certified Nursing Aides, Receptionists, Filing Clerks, Quality Assurance Clerks, and Distributors of marketing pamphlets. These employees

2

worked, sometimes in multiple job categories in one work week, for workweeks longer than forty (40) hours, and received compensation from Defendant for their employment in excess of forty (40) hours in said workweeks at rates less than one and one-half times the regular rate at which they were employed.

## VI

Defendant has repeatedly violated and is violating the provisions of Sections 11(c) and 15(a)(5) of the Act in that it failed to make, keep, and preserve adequate and accurate records of nursing and office employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516. Defendant's records failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to those employees.

## VII

The period covered by this complaint is September 18, 2011 to the present. Throughout this period, Defendant has repeatedly violated and is violating the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

## VIII

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendant, its agents, servants, employees, and those persons in active concert or participation with it, or acting in its interest and behalf, from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the Act and for such other and further relief as may be necessary or

appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due employees under the Act.

IX

Throughout the period from September 18, 2011 to the present, Defendant has repeatedly violated and is violating the aforesaid provisions of the Act. An award of the unpaid overtime compensation owed and an equal amount as liquidated damages is specifically authorized by Section 16(c) of the Act.

X

WHEREFORE, cause having been shown, Plaintiff prays judgment ordering payment of unpaid wages found by the Court to be due employees listed in the attached Exhibit A, plus an equal amount as liquidated damages and costs.

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

Post Office Address:

Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

*/s/ Susan G. Salzberg*
Trial Attorney
BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff