UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THOMAS E. PEREZ, SECRETARY OF LABOR,   \*
  United States Department of Labor,   \*

                                        \*

                          Plaintiff,   \*

                                          \*   CIVIL ACTION

               v.   \*   FILE NO.   5:14-cv-282

EQUINOX HOME CARE, LLC   \*

                                        \*

                         Defendant.   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CONSENT JUDGMENT AND ORDER

Plaintiff has filed a complaint and the defendant has appeared, received a copy

thereof, waived service of process, and, without admitting or denying liability, consented to the

entry of this judgment without contest.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendant, its agents, servants,

employees, and all persons acting or claiming to act in its behalf and interest be, and they hereby

are, permanently enjoined and restrained from violating the provisions of the Fair Labor

Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201 et seq), hereinafter called "the

Act", in any of the following manners:

1

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendant shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Further, the Court finding, as agreed to by the defendant, that the employees are due compensation in the amount of $54,621.40 (which is inclusive of back wages and liquidated damages), as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

**ORDERED, ADJUDGED and DECREED** that the defendant is restrained from withholding payment of said compensation.  The defendant represents that it has been in compliance with the Act since September 17, 2013.  In resolving the amount of back wages and liquidated damages in this judgment, the plaintiff has relied on this representation, and, accordingly,  this judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date. The back wage and liquidated damages provisions of this judgment shall be deemed satisfied when the defendant delivers to plaintiff  $27,310.70 in back wages, from which deductions for the defendant's employees' share of social security and withholding taxes will be made, and $27,310.70 in liquidated damages, which amount is not subject to deductions.

Defendant further agrees to pay the employer's share of social security and withholding taxes to the appropriate authorities for the back wages.

To comply with the provisions contained in the preceding paragraph, defendant shall, on or before May 1, 2014, deliver two checks for each of the persons listed in "Exhibit A" to the Hartford Area Office, at the following address:  U. S. Department of Labor, Wage and Hour Division, 135 High Street, Room 210, Hartford, Connecticut, 06103.  The first check owed each employee, listed in "Exhibit A", shall be the total back wages, as specified in "Exhibit A", that is due said employee, less deductions for said employee's share of social security and Federal income tax and state income tax.  The second check, for each employee, shall be the gross amount, as specified in "Exhibit  A", that is owed each employee in liquidated damages.

On or before May 1, 2014, defendant shall also provide the plaintiff with the current address of each employee listed in "Exhibit A".

Any back wage or liquidated damage checks which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such persons' refusal to accept such sums, shall be redrafted by the defendant to be made payable to both the employee and "Wage and Hour Division - Labor" as alternative payees.  Such checks shall then be forwarded immediately to plaintiff at the Hartford Area Office: U. S. Department of Labor, Wage and Hour Division, 135 High Street, Room 210, Hartford, Connecticut, 06103.

Defendant, and any person or entity acting on behalf of or for the benefit of defendant, shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this Consent Judgment and Order.  In the event any such amount is received from any employee, defendant shall immediately remit such amount to the above stated address of the Hartford Area Office.

When recovered wages and liquidated damages have not been claimed by any employee within three years, because of inability to locate such employee or because of the employee's refusal to accept such sums, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

It is further ORDERED, ADJUDGED, and DECREED, and each party hereby agrees, that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated ___2/4/14_____

_____ /s/ AWT _____

United States District Judge

Defendant hereby consents to
entry of this judgment.

Equinox Home Care, LLC
Defendant

By _____
Theresa Foreman, Owner

Plaintiff moves for entry of
This judgment:

M. Patricia Smith
 Solicitor of Labor

Michael D. Felsen
Regional Solicitor

*/s/ Susan G. Salzberg*
Susan G. Salzberg
Trial Attorney
BBO#556437

**Exhibit A**

| Employee | FLSA Back Wages | | Liquidated Damages | | Grand Total Due | |
|---|---|---|---|---|---|---|
| Marcy Cortinas | $ | 2,706.93 | $ | 2,706.93 | $ | 5,413.86 |
| Dillon Foreman | $ | 15,805.13 | $ | 15,805.13 | $ | 31,610.26 |
| Markus Jaiman | $ | 5,029.84 | $ | 5,029.84 | $ | 10,059.68 |
| Patricia Morrissey | $ | 584.51 | $ | 584.51 | $ | 1,169.02 |
| Danielle Shields | $ | 1,093.41 | $ | 1,093.41 | $ | 2,186.82 |
| Alexandra Torres | $ | 2,090.88 | $ | 2,090.88 | $ | 4,181.76 |
| Total: | $ | 27,310.70 | $ | 27,310.70 | $ | 54,621.40 |